IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN HERDMAN, *et al.*, )<br>)<br>Plaintiffs,                 )<br>)<br>vs.                              )<br>)<br>L-J-L TRUCKING, INC.,       )<br>)<br>Defendant.              ) | Civil Action No. 3:21-213<br>Judge Stephanie L. Haines |

**MEMORANDUM AND ORDER OF COURT**

    This is a putative class action alleging disability discrimination brought by Martin Herdman, Wayne Westover and Robert Williams ("Plaintiffs") against Defendant L-J-L Trucking, Inc.. Presently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)/motion to strike pursuant to Federal Rule of Civil Procedure 12(f) [Doc. 9], and Plaintiffs' response in opposition [Doc. 12]. For the following reasons, Defendant's motion to dismiss will be denied. Defendant's motion to strike will be granted in part, and Plaintiff will be granted leave to file an amended complaint.

**I.     Procedural History**

    Plaintiffs, former employees of Defendant, commenced this action on December 13, 2021, by filing a class action complaint [Doc. 1], on behalf of themselves and all others similarly situated, alleging disability discrimination and unlawful termination. The two-count complaint asserts claims for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112(a), (Count One), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. (Count Two). On March 17, 2022, Defendant filed the pending motion to dismiss/motion to strike [Doc. 9]. Plaintiffs filed a response in opposition to the motion on April 11, 2022.

II.  **Standard**

   A.  **Motion to Dismiss - Rule 12(b)(6)**

To survive a motion to dismiss, a pleading must set forth "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675.  Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  In this regard, legal conclusions must be supported by factual allegations.  *Id*.; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth").  Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

At the final step, the court is to assume all well-pled factual allegations to be true, construe those allegations in the light most favorable to the pleading party, and draw all reasonable inferences from them in favor of the pleading party.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016).

   B.  **Motion to Strike – Rule 12(f)**

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Immaterial

allegations are those that have no essential or important relationship to the claim for relief or the defenses being pleaded. *See Deltondo v. Sch. Dist. of Pittsburgh*, No. CV 2:22-350, 2023 WL 1108389, at *2 (W.D. Pa. Jan. 30, 2023), *aff'd*, No. 2:22-CV-350, 2023 WL 2534817 (W.D. Pa. Mar. 16, 2023); *see also Conklin v. Anthou*, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011); 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2019). Impertinent allegations consist of "statements that do not pertain, and are not necessary, to the issues in question." *Deltondo*, 2023 WL 1108389, at *2 (citing *In re Shannopin Mining Co.*, 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002); 5C Wright & Miller, supra, § 1382). Scandalous allegations "improperly cast[ ] a derogatory light on someone, most typically on a party to the action." *Id*. (quoting 5C Wright & Miller, supra, § 13). District courts have "considerable discretion in disposing of a Rule 12(f) motion to strike." *Deltondo*, 2023 WL 1108389, at *2 (quoting 5C Wright and Miller, supra § 1382).

**III.    Anaylsis**

    **A.    Motion to Dismiss**

        **1.    Count One**

Count One of the complaint alleges that Defendant discriminated against all three Plaintiffs and "other protected class employees" on the basis of disability in violation of the Americans with Disabilities Act. Defendant moves to dismiss Count One as time barred under the ADA.

Under the ADA, a claimant first must "submit information to the EEOC and . . . wait a specified period before commencing a civil action" in federal court. *Fort Bend Cnty., Texas v. Davis*, ─── U.S. ───, 139 S. Ct. 1843, 1851 (2019). By statute, if the EEOC takes no action on a complaint, the agency "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . ." 42 U.S.C. § 2000e–5(f)(1).

The Third Circuit Court of Appeals has construed § 2000e–5(f)(1) to mean that the time for the filing of a complaint in federal court begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he *receives* a right-to-sue letter from the agency. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (emphasis added).

Here, Plaintiffs' complaint asserts that the EEOC notified them of their right to file a civil action by letter dated September 13, 2021, and that they initiated this suit within 90 days of receiving the EEOC's right-to-sue letters [Doc. 1 ¶¶ 53, 54]. Defendant, however, disputes this date of receipt. Instead, Defendant contends that the EEOC issued through the EEOC portal to each Plaintiff a dismissal and notice of rights dated August 30, 2021 [Docs. 9-3, 9-5 and 9-7]. Defendant further asserts that Plaintiffs' counsel received an email from the EEOC on August 30, 2021, providing each Plaintiff with a right-to-sue letter [Doc. 9, p. 5]. In response, Plaintiffs profess that they never received any notice, via email or otherwise, on August 30, 2021, but instead that they did not receive any communication from the EEOC until September 13, 2021, when Plaintiffs' counsel received an email containing letters to his clients regarding the closure document and notice of suit rights [Doc. 9-9].

As noted, when the EEOC declines to proceed on a claim, the corresponding action in federal court must be commenced within 90 days of receipt of a "right-to-sue" letter from the EEOC. *Silla v. Holdings Acquisition Co LP*, No. 20-3556, 2021 WL 4206169, at *1 (3d Cir. Sept. 16, 2021). Thus, the issue before this Court is whether Plaintiffs "received" the right-to-sue letters on September 13, 2021, as they assert, or on August 30, 2021, as Defendant contends. Plaintiffs' position is that they did not receive any notice whatsoever from the EEOC until September 13. In an effort to refute this, Defendant relies on the dismissal and notice of rights letter dated August

30, 2021 [Docs. 9-3, 9-5 and 9-7], as well as emails from the EEOC dated that same day indicating that a decision had been made on each of the Plaintiffs' EEOC charges [Doc. 9-4, 9-6, 9-8].[1]

The Court finds Defendant's evidence insufficient to show that Plaintiffs received notice of their right to sue prior to September 13, 2021. First, the August 30 date of issuance set forth in the three EEOC dismissal and notice of rights forms is insufficient in and of itself to start the 90-day clock, as it is the date of <u>receipt</u> that controls. *Seitzinger*, 165 F.3d at 239. Moreover, the email notifications dated August 30 that Defendant has attached to its motion likewise are insufficient to establish notice to Plaintiffs on that date, as those emails were sent to <u>Defendant's</u> counsel [Doc. 9-4, 9-6, 9-8], and the Court cannot assume that just because Defendant received email notice on August 30, 2021, that Plaintiffs' or their counsel also received such notice. Indeed, Plaintiffs' counsel disputes that they received any communication from the EEOC prior to September 13, and there is no evidence that can be deduced from the submitted exhibits, such as a "cc" to Plaintiffs or to their counsel on the August 30 emails, to refute that assertion.

Nor does the email to Plaintiffs' counsel on September 13 [Doc. 9-9] establish that Plaintiffs' received notice at any time prior to that date. Contrary to Defendant's position, the mere fact that the September 13 EEOC email indicates that it was being sent "because your clients and you have not downloaded the closure notice" does not confirm that Plaintiffs received such notice on August 30. The August 30 date is not referenced in the September 13 email, nor does it

---

[1] A motion to dismiss is to be decided solely on the four corners of the complaint, exhibits attached thereto, matters of public record, and indisputably authentic documents that the plaintiff's claims rely upon. *Silla*, *supra*, 2021 WL 4206169, at *2 (3d Cir. Sept. 16, 2021) (citing *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196–97 (3d Cir. 1993)). On a motion to dismiss, a court also may consider an undisputedly authentic document that a defendant attaches as an exhibit, if the plaintiff's claims are based on that document, without converting the motion into one for summary judgment. *See Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F. Supp. 2d 506, 512 (D. De. 2011); *see also, Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) (finding that the court could consider, *inter alia*, EEOC documents and a right to sue letter "either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record").

in any way disprove Plaintiffs' counsel's position that the reason the notices were not downloaded was because they were never received.

Plaintiffs' complaint asserts that the EEOC notified them of their right to file a civil action on September 13, 2021. Based on the complaint and the exhibits submitted, this Court finds no basis to conclude that either Plaintiffs or their counsel received notice of their right-to-sue on August 30, 2021, or any time prior to September 13, 2021. Accordingly, Defendant's motion to dismiss Count One of the complaint as time-barred will be denied.

### 2.     **Count Two**

Count Two of Plaintiffs' complaint alleges disability discrimination against all three Plaintiffs and "other protected class employees" in violation of the Rehabilitation Act of 1973. Defendant moves to dismiss Count Two for failure to state a claim upon which relief can be granted.[2]

"The Rehabilitation Act expressly makes the standards set forth in the [ADA] applicable to federal employers and to employers receiving federal funding." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Accordingly, the methods and manner of proof under the ADA apply equally to discrimination claims under the Rehabilitation Act. *Id*. at 185; *see also Kendrell v. Sec'y United States Dep't of Def.*, 851 F. App'x 317, 319–20 (3d Cir. 2021).

---

[2] Defendant's motion to strike Count Two for failure to allege the exhaustion of administrative remedies also will be denied. As both parties plainly are aware, while some sections of the Rehabilitation Act, such as section 501, require exhaustion of administrative remedies, *see e.g. Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007), section 504 of the Act does not. *See Freed v. Consolidated Rail Corp.*, 201 F.3d 188, 192 (3d Cir. 2000). While Defendant acknowledges that a section 504 action does not require exhaustion, it nevertheless argues that Count Two should be stricken because the complaint does not explicitly state that the claim is being brought under section 504. As Plaintiffs aptly note, section 504 is the only section that possibly could apply to this dispute, since that section governs claims of discrimination against a private recipient of federal funds. 29 U.S.C. § 729(a) and (b)(3)(A). Accordingly, there is no basis to strike Count Two for failure to allege exhaustion. However, as Plaintiffs are being granted leave to amend, a citation in the amended complaint to the appropriate section of the Rehabilitation Act under which the claim is being brought might be sensible.

The elements of a prima facie case of discrimination under the Rehabilitation Act are: (1) that the claimant has a disability; (2) that the claimant is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that the claimant was nonetheless terminated or otherwise prevented from performing the job. *Wishkin*, 476 F.3d at 184–85; *Kendrell*, 851 F. App'x at 320.

Here, as to each of the three named Plaintiffs, the complaint sets forth sufficient allegations as to each of the required elements to survive a motion to dismiss. As to Herdman, the complaint alleges that he was diagnosed with cancer and underwent chemotherapy and radiation; that he was medically cleared to return to work, but had his hours reduced; that he was able to perform the essential duties of his position as a paratransit driver; that he was informed that he was being laid off because he had a compromised immune system; and that Defendant regarded him as disabled due to his medical history, and used that medical history to discriminate against him and terminate his employment [Doc. 1 ¶¶ 21-32]. As to Westover, the complaint alleges that he developed arthritis and underwent an ankle fusion procedure; that he was medically cleared to return to work but that Defendant refused to provide any accommodations for his arthritis; that he subsequently was laid off but was never recalled to work; and that Defendant used his past medical history and status as disabled to terminate his employment [Doc. 1 ¶¶ 33-39]. Finally, as to Williams, the complaint alleges that he has asthma which substantially limits one or more of his major life activities; that he requested but was denied accommodations for his asthma; that although he agreed to a temporary layoff, he was never recalled to work; and that Defendant used his status as disabled to terminate his employment [Doc. 1 ¶¶ 40-45].

Assuming the foregoing allegations to be true, and construing them in the light most favorable to Plaintiffs as the pleading party, *Connelly*, 809 F.3d at 791, this Court is satisfied that

Plaintiffs have stated plausible claims of discrimination under the Rehabilitation Act at Count Two of the complaint.

      **B.**       **Motion to Strike**

            **1.**       **Punitive Damages**

Plaintiffs' complaint requests relief in the form of punitive damages under both the ADA and the Rehabilitation Act. Defendant moves to strike this request for relief, arguing that punitive damages are not available under either the ADA or the Rehabilitation Act.

Defendant first contends that punitive damages are not available under the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002). However, as Plaintiffs aptly note, *Barnes* held that punitive damages are not available under Section 202 (Title II) of the ADA. Conversely, the 1991 Civil Rights Act provides that a party can recover compensatory and punitive damages for violations of Title I of the ADA, 42 U.S.C. § 12112, if the complaining party "demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1); *see also Gagliardo v. Connaught Lab'ys, Inc.*, 311 F.3d 565, 573 (3d Cir. 2002) (Punitive damages are available under the ADA when "the complaining party demonstrates that the respondent engaged in a discriminatory practice ... with malice or with reckless indifference.")(*quoting* 42 U.S.C. § 1981a(b)(1)).

Here, Plaintiffs' claim of disability discrimination is brought under Title I of the ADA, 42 U.S.C. § 12112, for which punitive damages may be available if Plaintiffs can show malice or reckless indifference. Since punitive damages may be available, Defendant's motion to strike Plaintiffs' request for such damages under the ADA will be denied.

Conversely, as to the Rehabilitation Act, Plaintiffs concede that punitive damages are <u>not</u>

available under Section 504 of the Rehabilitation Act. *See Barnes*, 536 U.S. at 189. Accordingly, Defendant's motion to strike Plaintiffs' request for punitive damages under the Rehabilitation Act will be granted.

> 2. **Retaliation**

Defendant moves to strike the allegations of retaliation set forth in ¶¶ 52(a)-(d) of the complaint. Defendant argues that Plaintiffs did not exhaust administrative remedies as to any retaliation claim, and that the allegations of retaliation set forth in the complaint are "immaterial and scandalous," and could only be designed to suggest a "propensity" to commit discriminatory and retaliatory acts. In response, Plaintiffs point out that these allegations are not included to serve as the basis of a separate claim of retaliation, but instead were provided to allege that Defendant took steps to interfere with Plaintiffs' participation in the EEOC's investigation of their claims.

Upon review, this Court cannot conclude that the challenged allegations are immaterial, impertinent or scandalous so as to require that they be stricken from the complaint under Rule 12(f). It cannot be said that the allegations have no essential or important relationship to the claim for relief or any defense that may be pled, as failure to exhaust is a defense that Defendant could raise in its responsive pleading, and allegations of interference with an EEOC investigation would be relevant to countering such a defense. Further, the challenged allegations do not consist of statements that do not pertain, or are unnecessary, to the issues in question so as to be deemed impertinent, nor do they "improperly cast a derogatory light on someone, most typically on a party to the action," so as to be construed as scandalous.

Accordingly, Defendant's motion to strike the retaliation allegations set forth in the exhaustion of administrative remedies section of the complaint will be denied.

> 3. **"Whistleblower" Allegations**

Defendant next moves to strike the allegations set forth in ¶¶ 47-49 and 52(a)-(d) of the complaint to the extent they refer to alleged "whistleblowers." Defendant contends that the term "whistleblower" is "scandalous, impertinent and irrelevant" to Plaintiffs' discrimination claims.

In response, Plaintiffs concede that their allegations set forth in the foregoing paragraphs can be addressed without using the term "whistleblower." Accordingly, the Court will grant Defendant's motion to strike the word "whistleblower" from the complaint, and Plaintiffs will be granted leave to file an amended complaint in which they may rephrase the foregoing allegations without use of the term "whistleblower."

### 4. Pattern and Practice of Discriminatory Behavior

Finally, Defendant next moves to strike as scandalous the allegations set forth at ¶¶ 20(a)-(f) of the complaint which allege that Defendant engaged in a pattern or practice of discriminatory behavior. The motion to strike these allegations will be denied. The Court finds these allegations to be relevant to Plaintiffs' claims of disability discrimination as such allegations are related to "one evidentiary framework with which discrimination may be proved." *See e.g.*, *EEOC v. FedEx Ground Package System, Inc.*, 158 F.Supp.3d 393, 405 (W.D. Pa. 2016).

Case law is consistent that allegations of a pattern and practice of discriminatory behavior in a disability discrimination case are appropriate, particularly in a putative class action case. *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 772–773 (1976); *Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 185-202 (3d Cir. 2009); *Chedwick v. UPMC*, 263 F.R.D. 269, 272-275 (W.D. Pa. 2009). This Court too finds that there is nothing immaterial, impertinent, or scandalous about the challenged allegations which would warrant striking them from the complaint. Accordingly, Defendant's motion to strike from the complaint any allegations regarding a pattern or practice of discriminatory behavior will be denied.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 31st day of March, 2023, for the reasons stated herein, IT IS ORDERED that Defendant's motion to dismiss/motion to strike [Doc. 9] hereby is **granted in part and denied in part**, as follows:

- Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby is **denied**; and,

- Defendant's motion to strike pursuant to Federal Rule of Civil Procedure 12(f) hereby is **granted in part and denied in part**. Defendant's motion to strike hereby is granted only as to the use in Plaintiffs' complaint of the term "whistleblower(s)," and as to Plaintiffs' request for punitive damages under the Rehabilitation Act. In all other respects, Defendant's motion to strike hereby is **denied**; and,

IT FURTHER IS ORDERED, pursuant to Federal Rule of Civil Procedure 15(a)(2), that Plaintiffs hereby are granted leave to file an amended complaint eliminating the stricken "whistleblower" term, and the stricken request for punitive damages under the Rehabilitation Act. The amended complaint shall be filed no later than **April 13, 2023**. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant shall respond to the amended complaint within 14 days after service.

s/Stephanie L. Haines<br>
Stephanie L. Haines<br>
United States District Judge